[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Raymond K. Adams has appealed a decision of the defendant commissioner of income maintenance denying him credit for alimony payments to his former CT Page 7734 wife in the calculation of his Title XIX benefits. The commissioner has moved to dismiss the appeal on various grounds. The court finds the issues in favor of the defendant.
The defendant commissioner raises three issues in support of her motion to dismiss: (1) that since the filing of the appeal, the plaintiff has died and no representative of his estate has been appointed to prosecute the appeal; (2) that Title XIX benefits terminate at the death of the recipient, are not transferable to the recipient's estate, and the appeal is, therefore, moot; and (3) that the plaintiff has failed to comply with the court's orders concerning the filing of briefs.
The defendant's motion was considered at the regular short calendar session of the court on August 1, 1994, all parties having been notified. The plaintiff's counsel did not appear, nor has he filed any objection or brief in opposition to the defendant's motion to dismiss.
Practice Book § 257(a), in relevant part, provides as follows:
 . . . except as otherwise permitted by the court in its discretion, in an administrative appeal . . . the plaintiff's brief shall be filed within thirty days after the filing of the defendant's answer or the return of the record, whichever is later . . . If a party fails timely to file the record, answer or brief in compliance with this paragraph, the court may on its own motion or a motion of one of the parties and after hearing make such order as the ends of justice require. Such orders may include but are not limited to the following or any combination thereof: . . . (ii) if the party not in compliance is the plaintiff, an order dismissing the appeal. . . .
In the present case, the court's records indicate that the record and answer were filed by the defendant commissioner on June 18, 1993 and June 28, 1993, respectively. The court ordered the plaintiff to file his CT Page 7735 brief on August 2, 1993. Thereafter, on five occasions, the court granted the plaintiff's motions for extensions of time in which to file his brief. All of the plaintiff's motions for extension of time were made by his counsel orally at the court's regular monthly calendar call of administrative appeals. On the last such occasion, April 8, 1994, at the request of the plaintiff's attorney, the court extended the time for filing his brief to June 7, 1994, almost one year after the record and answer had been filed in the case. At that time, in consideration of the defendant's objection to the extension, the court warned the plaintiff's counsel that the case would be subject to dismissal in accordance with the Practice Book rule if the brief were not filed on or before June 7.
At this date, the plaintiff's brief has not been filed. The plaintiff has not requested an extension of time beyond June 7, 1994. The plaintiff is, therefore, not in compliance with the provisions of Practice Book § 257(a). The defendant has moved for dismissal in accordance with that section. Under all of the circumstances of this case, including the many extensions granted the plaintiff, the court's warning, and the other indications that the plaintiff has little desire to prosecute the appeal, including the failure to obtain a representative of the estate, the court concludes that the ends of justice are best served by dismissing the appeal.
In view of the court's decision on the Practice Book § 257 issue, it is unnecessary to consider the other grounds for dismissal advanced by the defendant commissioner.
The appeal is dismissed.
MALONEY, J.